UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY SHANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-1192-JDT-cgc |
| | ) | |
| VS. | ) | |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| MICKEY SHANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1193-JDT-cgc |
| | ) | |
| MIKE ARNOLD, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| MICKEY SHANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1205-JDT-cgc |
| | ) | |
| DON ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER DIRECTING CLERK TO DOCKET COMPLAINTS IN CASE NUMBER 19-1192 AND CLOSE CASE NUMBERS 19-1193 AND 19-1205, AND AGAIN DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2) OR PAY THE $400 CIVIL FILING FEE

On September 5, 2019, the Clerk received two civil complaint forms from Plaintiff Mickey Shanklin, a prisoner proceeding *pro se*. Each complaint was accompanied by a motion to proceed *in forma pauperis*. One of the complaints, styled *Mickey Shanklin v. State of Tennessee, Shaun Brown, & Gregory D. Gookin*, was opened as case number 19-1192-JDT-cgc. The second, *Mickey Shanklin v. Mike Arnold*, was opened as case number 19-1193-JDT-cgc. While the complaints name separate Defendants, the factual assertions are similar, as both complaints allege irregularities and errors in Shanklin's state-court criminal prosecution. The Court issued orders in both cases directing Shanklin to submit, within thirty days, either the civil filing fee or a copy of his inmate trust account statement for the last six months, in accordance with the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b).

On September 16, 2019, Shanklin submitted two more civil complaint forms and motions to proceed *in forma pauperis*. One of the complaint forms, *Mickey Shanklin v. Gregory Gookin*, essentially reiterated the allegations against Gookin in case number 19-1192; therefore, it was docketed as an amendment in 19-1192. The second complaint form received on September 16th, *Mickey Shanklin v. Honorable Don Allen*, was opened as case number 19-1205-JDT-cgc. However, the allegations in that complaint are similar

to those in the other complaints filed by Shanklin and concern his state-court criminal proceeding.

The Clerk is DIRECTED to docket both the complaint in case number 19-1193 and the complaint in 19-1205 as additional amendments in case number 19-1192 and to close case numbers 19-1193 and 19-1205 without entry of judgment. Case number 19-1192 will proceed with the Defendants listed as the State of Tennessee, Shaun Brown, Gregory Gookin, Mike Arnold and Don Allen. This will insure that Shanklin incurs only one filing fee for what is essentially a single case that he submitted in several parts.

Though Shanklin submitted an *in forma pauperis* affidavit with each complaint form, he has yet to submit a copy of his inmate trust account statement, as required by the PLRA. Therefore, Shanklin again is ORDERED to submit, within thirty days after the date of this order, either the entire $400 civil filing fee[1] or a certified copy of his inmate trust account statement for the last six months.

If Shanklin timely submits a copy of his trust account statement and the Court finds that he is indigent, leave to proceed *in forma pauperis* will be granted and a $350 filing fee assessed in installments, in accordance with 28 U.S.C. § 1915(b). However, if Shanklin does not comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing from his trust account without regard to the

---

[1] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $50 for filing any civil case. That additional $50 fee will not apply if leave to proceed *in forma pauperis* ultimately is granted.

installment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir, 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

If Shanklin is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE