# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY SHANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1192-JDT-cgc |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO MODIFY THE DOCKET, DENYING AS UNNECESSARY MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On September 5, 2019, Plaintiff Mickey Shanklin, inmate number 117589, who is currently incarcerated at the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 3.)  Shanklin filed three additional *pro se* complaints and accompanying motions to proceed *in forma pauperis*.  Two of those complaints and the accompanying motions were opened as case numbers 19-1193 and 19-1205, and the third was docketed as an amended complaint in this case.  (ECF No. 5.)  Because all the complaints alleged similar claims about

---

[1] When he filed the complaint, Shanklin was an inmate at the Madison County Criminal Justice Complex in Jackson, Tennessee.  (ECF No. 1 at PageID 2.)  But on October 28, 2019, the Madison County Sheriff's Office notified the Court that Shanklin had been released to the custody of the Tennessee Department of Correction (TDOC).  (ECF No. 15.)  A search of the TDOC's website for Felony Offender Information (https://apps.tn.gov/foil-app/search.jsp) revealed that Shanklin is incarcerated at the BCCX.  The Clerk is DIRECTED to modify Shanklin's address of record to include his current location at the BCCX and his TDOC prisoner number, 117589, and and to send a copy of this order to him at that new address.

Shanklin's state-court criminal proceedings, the Court consolidated the four complaints into this action and directed the Clerk to close case numbers 19-1193 and 19-1205. (ECF No. 7.)[2] The Court also ordered Shanklin to comply with the requirements of 28 U.S.C. §§ 1915(a)-(b) or to pay the full $400 filing fee. (*Id.* at PageID 24-25.) After Shanklin submitted the necessary documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 12.)[3] The Clerk shall list the Defendants as the State of Tennessee, Assistant District Attorney General (ADA) Shaun Brown, Public Defender Gregory Gookin, Jackson Metro Narcotics Agent Mike Arnold, and Circuit Court Judge Don Allen.

Shanklin's claims address his state criminal proceedings, conviction, and sentence. He alleges that Defendant ADA Brown falsely charged him with unspecified crimes. (ECF No. 1 at PageID 2.) Shanklin alleges that his attorney, Public Defender Gookin, provided him ineffective assistance and "let me get falsely convicted and sentenced to 30 yrs." (ECF No. 5 at PageID 14.) Shanklin contests video evidence presented at his trial and contends that he was not given a fair trial. (ECF No. 1 at PageID 2.) He asserts that Defendant Arnold altered the video evidence and "put my life in danger with my Defendant in the case by turning us against each other." (ECF No. 8 at PageID 27.) He further contends that Judge Allen "let the State of Tenn convict me on charges that were not to be placed on me and that were bogus." (ECF No. 9 at PageID 33.)

---

[2] Another case filed by Shanklin and assigned to this Judge was filed separately because it is unclear whether the allegation relates to the same underlying criminal proceeding. *See Shanklin v. Crane Serv., Inc.*, No. 19-1224-JDT-cgc (W.D. Tenn. filed Sept. 30, 2019). Yet another case was filed in the Western Division of this district. *See Shanklin v. Strandquist*, No. 19-2622-JTF-dkv (W.D. Tenn. filed Sept. 16, 2019).

[3] Because the Court has already granted Shanklin leave to proceed *in forma pauperis*, his duplicate motion to proceed without prepayment of the fees, (ECF No. 14), is DENIED as unnecessary.

Shanklin seeks a retrial, termination of the employment of Defendants Brown, Gookin, and Arnold, and unspecified monetary compensation. (ECF No. 1 at PageID 3; ECF No. 5 at PageID 15; ECF No. 8 at PageID 28; ECF No. 9 at PageID 34.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt

3

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011)

(affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'"

(quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Shanklin filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights

secured by the "Constitution and laws" of the United States (2) committed by a defendant acting

under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Shanklin seeks to sue Defendants Brown and Allen in their official capacities,

his claims are construed as against the State of Tennessee.[4] *See Will v. Mich. Dep't of State Police*,

491 U.S. 58, 71 (1989). The Eleventh Amendment to the United States Constitution provides that

"[t]he Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another State, or

by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment

---

[4] As an Assistant District Attorney General, Defendant Brown is an employee of the State of Tennessee, not Madison County. *See White v. Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (noting that district attorneys general and their assistants "prosecute suits on behalf of the state, Tenn. Code Ann. § 8-7-103, and receive an annual salary payable out of the state treasury, Tenn. Code Ann. §§ 8-7-105 and 8-7-201" and therefore are employees of the State of Tennessee); *see also Hembree v. Office of the Dist. Attorney Gen. for the 13th Judicial Dist. of Tenn.*, No. 2:18-cv-00097, 2019 WL 1437913, at *2 (M.D. Tenn. Apr. 1, 2019).

has been construed to prohibit citizens from suing their own states in federal court.  *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)).  Tennessee has not waived its sovereign immunity and therefore may not be sued for damages.  *See* Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983.  *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

The Supreme Court has clarified, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985), and  *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with his official-capacity claims for injunctive relief, Shanklin must allege that the State was responsible for the violation of his constitutional rights because of a practiced custom or policy.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  The Sixth Circuit has held that to establish the requisite causal link between constitutional violation and policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury

was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694).

Shanklin does not allege that any Defendant acted pursuant to a policy or custom of the State of Tennessee. He instead seeks to contest each Defendant's personal involvement in his criminal prosecution, trial, and conviction. His allegations do not suffice to state a claim against the State of Tennessee or against Defendant Brown or Allen in his official capacity.

Nor does Shanklin state a valid claim against any Defendant in his individual capacity. Shanklin alleges that Defendant Brown falsely charged him with crimes for which he was prosecuted and sentenced. Prosecutors, however, are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012).

Similarly, Shanklin cannot sue his attorney, Defendant Gookin, for damages in this § 1983 action based on his representation of Shanklin. Though attorneys employed as public defenders are paid by the State, "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Powers v. Hamilton Cnty. Public Defender Com'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). To the extent Shanklin seeks to challenge his attorney's

performance in his criminal matter, that claim must be brought in a habeas petition under 28

U.S.C. § 2254 and not in an action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90

(1973); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000).

Shanklin also is barred from seeking relief against Judge Allen. Judges are absolutely

immune from civil liability in the performance of their judicial functions. *Mireles v. Waco*, 502

U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,*

753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012).

Whether a judge or other official is entitled to absolute immunity in a given case turns on a

"functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for

applicability of absolute judicial immunity is "performance of the function of resolving disputes

between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson,*

*Inc.*, 508 U.S. 429, 435-36 (1993). Shanklin seeks relief against Judge Allen for actions taken

during the course of Shanklin's criminal trial, which are unquestionably within the scope of Judge

Allen's judicial function. Therefore, the claim against Judge Allen is barred by judicial immunity.

Moreover, Shanklin's claims against Defendants Brown, Gookin, and Allen, and his claim

that Defendant Arnold altered evidence used in his trial, are barred because they challenge his

criminal prosecution, conviction, and sentence; however, Shanklin does not allege that he has

successfully appealed or challenged his conviction or sentence in a collateral attack. The Supreme

Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no

matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

(state conduct leading to conviction or internal prison proceedings)—if success in that action

would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*,

544 U.S. 74, 81-82 (2005). Were Shanklin successful in his challenges, it would necessarily call

into question the validity of his confinement and sentence.  He is therefore barred from raising his claims under § 1983 unless and until he successfully challenges his conviction and sentence in a direct or collateral appeal.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Shanklin also alleges that Defendant Arnold "has put my life in danger with my Defendant in the case by turning us against each other."  (ECF No. 8 at PageID 27.)  It is not clear whether Shanklin is alleging that Arnold turned Shanklin's co-defendant against him, turned his defense attorney (Gookin) against him, or something else.  It is possible that with more detail, Shanklin's allegations could amount to a claim against Defendant Arnold not related to the proceedings in his state-court criminal case.  For that reason, the Court will allow Shanklin to amend his complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

In conclusion, the Court DISMISSES Shanklin's complaint for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant immune to that relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).  Leave to amend, however, is GRANTED.  Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **December 16, 2019**.

Shanklin is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached

to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Shanklin fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE