UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TENNESSEE
                         EASTERN DIVISION


| MICKEY SHANKLIN,            | )                        |
|                             | )                        |
|     Plaintiff,              | )                        |
|                             | )                        |
| VS.                         | )  No. 19-1192-JDT-cgc   |
|                             | )                        |
| STATE OF TENNESSEE, ET AL., | )                        |
|                             | )                        |
|     Defendants.             | )                        |


                           ORDER DISMISSING CASE,
          CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
               NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND
          NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)


On December 5, 2019, the Court issued an order dismissing Plaintiff Mickey Shanklin's *pro se* complaint and granting leave to file an amended complaint. (ECF No. 16.) Shanklin was warned that if he failed to file an amended complaint within twenty-one days, the Court would dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment. (*Id.* at PageID 67-68.)

Shanklin has not filed an amended complaint, and the time within which to do so has expired. Therefore, this case is DISMISSED in its entirety, and judgment will be entered in accordance with the December 5, 2019, order dismissing the original complaint for failure to state a claim.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Shanklin in this case would be taken in good faith. The good faith standard is an objective one.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Shanklin would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Shanklin nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Shanklin is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Shanklin, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[1] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

---

[1] Shanklin previously filed *Shanklin v. Crane Serv., Inc.*, No. 19-1224-JDT-cgc (W.D. Tenn. Nov. 26, 2019) (dismissed for failure to state a claim), and *Shanklin v. Strandquist*, No. 19-2622-JTF-dkv (W.D. Tenn. Nov. 22, 2019) (same).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Consequently, Shanklin is warned that he will be barred from filing any further actions *in forma pauperis* while he is a prisoner unless he is in imminent danger of serious physical injury. If any new civil complaint filed by Shanklin while he is incarcerated is not accompanied by the entire $400 civil filing fee, the complaint must contain allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury. If the new complaint does not sufficiently allege imminent danger, it will be dismissed without prejudice; Shanklin would then have an opportunity to file, within 28 days, a motion to re-open the case accompanied by the $400 civil filing fee.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE